**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CABLE MANUFACTURING & ASSEMBLY, INC.** | ) ) ) | **CASE NO. 5:05CV161** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | |
| **MAYBEE ASSOCIATES, INC.** | ) ) | **OPINION AND ORDER** |
| **Defendant**. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Defendant's Motion for Change of Venue. For the following reasons, the Motion for Change of Venue is denied.

**I.  FACTUAL BACKGROUND**

Plaintiff, Cable Manufacturing & Assembly, Inc. ("CMA Ohio"), is an Ohio corporation with its principal place of business in Tuscarawas County, Ohio. Defendant, Maybee Associates, Inc. ("Maybee"), is a Michigan corporation. For approximately twenty-eight years, Maybee has acted as a manufacturer's or sales representative for CMA Ohio and has collected fees and/or commissions from CMA Ohio during that period of time. No written agreement for such services, fees and commissions exists between the parties.

On November 9, 2004, CMA Ohio sent Maybee a letter stating that it intended to terminate the parties' relationship effective November 30, 2004.  On December 16, 2004, a representative of Maybee sent an e-mail to CMA Ohio's president regarding the possibility of negotiating the end of the working relationship.  CMA Ohio asserts that a workable solution could not be achieved without litigation.  Accordingly, CMA Ohio filed a declaratory judgment action in the Court of Common Pleas for Tuscarawas County, Ohio.  On January 31, 2005, Maybee removed the action to the United States District Court for the Northern District of Ohio, Eastern Division based upon diversity jurisdiction.  Maybee is now requesting that this Court transfer venue to the United States District Court for the Eastern District of Michigan, Southern Division.

## II.  LAW AND ANALYSIS

Defendant's Motion for Change of Venue is governed by 28 U.S.C. § 1404(a).  This section provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2005).  When deciding on a motion for change of venue, this Court has recognized a number of factors which should be considered: 1) the convenience of the parties; 2) the convenience of the witnesses; 3) the relative ease of access to sources of proof; 4) the availability of process to compel attendance of unwilling witnesses; 5) the cost of obtaining willing witnesses; 6) the practical problems associated with trying the case most expeditiously and inexpensively; and 7) the interests of justice.  *Checuti v. Conrail*, 291 F. Supp.2d 664, 672 (N.D. Ohio 2003).

The transfer of venue provision "is not meant to merely shift the inconvenience to the

[P]laintiff." *Bacik v. Peek*, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993).  In fact, when deciding on change of venue, the Plaintiff's choice of forum should weigh heavily in the Court's decision. *Id.* at 1414.  Ultimately, transfer is only proper where the Court finds that the balance of all relevant factors weighs strongly in favor of transferring the case. *Id.*

Defendant unsuccessfully asserts a number of reasons why change of venue is appropriate in this case.  First, regarding the convenience of the witnesses, Defendant asserts that Michigan is a more convenient forum primarily due to the location of its non-party witnesses.  This Court has held that the party seeking to transfer the case must specifically identify key witnesses and must make a general statement regarding their testimony.  888 F. Supp. at 1415.  In *Bacik*, the court reasoned that a list of possibly relevant witnesses and a few excerpts of what they might say was not sufficient to warrant transfer. *Id.*  In this case, Defendant claims that a number of non-party witnesses who are located in Michigan, outside the subpoena power of this Court, will likely be called to testify if this case proceeds to trial.  In particular, Defendant lists twenty-four witnesses who will likely testify regarding future post-termination sales commissions.  However, Plaintiff lists twenty-four key witnesses residing in Ohio, Pennsylvania, New Jersey and Florida, who will likely be called to testify on Plaintiff's behalf regarding the nature of the relationship between Plaintiff and Defendant.
Twelve of Plaintiff's witnesses live in Ohio and the majority are outside the subpoena power of the Eastern District of Michigan.

Like the defendant in *Bacik*, Defendant has not met its burden by merely submitting a list of possible witnesses and by making a conclusory statement as to how they might contribute to the case collectively.  Moreover, change of venue is not meant to merely shift the inconvenience to the plaintiff. *Id.*  Thus, because Plaintiff would be similarly burdened if forced to litigate in

Michigan, this factor does not weigh in favor of transferring the case.

Second, regarding the process of compelling the attendance of unwilling witnesses, Defendant has identified a number of witnesses located outside the one hundred mile geographical limits of this Court.  However, Plaintiff has also identified a number of witnesses, a majority of whom live in Ohio, outside the subpoena power of the Eastern District of Michigan.  Accordingly, this factor does not weigh in favor of transferring the case to Michigan.

Third, based on the location of Defendant's witnesses in Michigan, Defendant asserts it would be less expensive and less time consuming for its witnesses to appear in the Michigan court.  However, based on the location of Plaintiff's witnesses in Ohio, it would be less expensive and less time consuming for Plaintiff's witnesses to appear in this Court.  Thus, because transferring the case would merely shift the burden from Defendant's witnesses to Plaintiff's witnesses, this factor also does not weigh in Defendant's favor.

Fourth, Defendant further claims that it is in the interests of justice to transfer this case to Michigan.  Defendant asserts Plaintiff misled Defendant into believing that the suit could be resolved amicably and then engaged in a "race to the courthouse" when it filed for a declaratory judgment.  However, Defendant's argument based on the "first-to-file" rule is not applicable in this case.  Here, only one lawsuit was filed and transfer should be decided based upon a balancing of the relevant factors under § 1404(a), not the "first-to-file" rule.

Lastly, the remaining factors, which include the convenience of the parties, the relative ease of access to sources of proof and the practical problems associated with trying the case most expeditiously and inexpensively, do not weigh in favor of either party.  First, with respect to the convenience of the parties, venue in Michigan would be more convenient for Defendant, while venue in Ohio would be more convenient for Plaintiff.  Second, the proof in this case will consist

primarily of documents and deposition testimony. In obtaining such depositions, the burden on each party to depose the appropriate people will be similar regardless of which venue is chosen. Lastly, there is no evidence of any practical problems associated with trying the case expeditiously or inexpensively in either venue.

### III. CONCLUSION

Transfer is not appropriate in this case because none of the factors weigh strongly in favor of transferring the case from this Court to the Eastern District of Michigan. Because Plaintiff's witnesses are located primarily in Ohio and Defendant's witnesses are located in Michigan, transferring the case would undermine the purpose of 28 U.S.C. § 1404(a) by merely shifting the inconvenience from Defendant's witnesses to Plaintiff's witnesses. Moreover, regardless of which venue is found appropriate, one party will inevitably incur more travel expenses and experience more problems compelling the attendance of unwilling witnesses. Finally, there are no practical problems associated with trying the case expeditiously or inexpensively in either venue and because this is a contract dispute, any documentary evidence required may be easily transferred to the appropriate venue. Therefore, because the relevant factors do not weigh in favor of transferring the case, this Court defers to Plaintiff's choice of forum and denies Defendant's Motion for Change of Venue.

**IT IS SO ORDERED.**

| | |
|---|---|
| **February 14, 2006** | **s/ Christopher A. Boyko** |
| **Date** | **CHRISTOPHER A. BOYKO** |
| | **United States District Judge** |